UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY DIPERNA as President of Bricklayers &
Allied Craftworkers Local No. 3 New York,
AFL-CIO, et al.,

                                                                          DECISION AND ORDER

                  Plaintiffs,

                                                                          19-CV-6120L

                       v.

SABRE TILE, CORP. and MATT HULL, Individually
and as a Principal Officer of Sabre Tile Corp.,

                  Defendants.
_____


# INTRODUCTION

Plaintiffs, Bricklayers and Allied Craftworkers Local 3 NY, AFL-CIO by and through its president Anthony DiPerna; Bricklayers and Allied Craftworkers Local 3 NY (Rochester) Pension Fund by and through its officers; Bricklayers and Allied Craftworkers Local 3 NY (Rochester) Welfare Fund by and through its officers; Bricklayers and Allied Craftworkers Local 3 NY (Buffalo) Pension Fund by and through its officers; Bricklayers and Allied Craftworkers Local 3 NY (Buffalo) Welfare Fund by and through its officers; Bricklayers and Allied Craftworkers Local 3 NY Annuity Fund by and through its officers; and Bricklayers and Allied Craftworkers Local 3 NY Joint Apprenticeship by and through its officers (collectively "plaintiffs") commenced this action against defendants Sabre Tile, Corp. and its principal officer Matt Hull ("defendants") to enforce the provisions of a collective bargaining agreement ("CBA"). This action is brought pursuant to Sections 515, 404 and 406 of the Employee Retirement Income Security Act, 29 U.S.C. §1106 et seq., as well as New York State Finance Law §137. Plaintiffs seek monetary and

injunctive relief against defendants, including compensatory and liquidated damages, interest, costs and attorneys' fees, for failure to timely pay dues, make contributions to Local 3 funds, and submit monthly reports as required by the CBA, and for breach of fiduciary duty by the individual defendant (Dkt. #1).

Defendant Matt Hull was served with process on or about February 22, 2019, and defendant Sabre Tile, Corp. was served with process on or about February 19, 2019 (Dkt. #3, #4) but defendants failed to timely appear or answer the complaint. The Clerk entered an initial Entry of Default on March 21, 2019 (Dkt. #6). Plaintiffs moved for a default judgment pursuant to Fed. R. Civ. Proc. 55(b)(2) on March 26, 2019 (Dkt. #7). Defendants have not appeared or responded. Plaintiffs seek $174,531.61, plus costs and interest, in damages against defendants.

## FACTUAL BACKGROUND

According to the complaint, Local 3 and defendants entered into a multiemployer CBA, which created the plaintiff Local 3 Funds. The CBA required that defendants provide periodic reports of union members' hours worked and make certain payments for fringe benefits to the plaintiffs for each hour of covered work performed. However, after multiple requests by plaintiffs, defendants refused, failed and continued to fail to submit the monthly reports or to as make fringe benefit contributions. Defendants have also failed to pay the interest charges and late fees that have accrued, as required by the CBA. Plaintiffs further claim that defendants have failed to pay union member dues as required by the CBA.

Plaintiffs allege in their complaint that they are entitled to the full amount of unpaid contributions, plus interest, liquidated damages, costs and attorneys fees. Plaintiffs have also requested that defendants be enjoined from further violations of law and the CBA.

**DISCUSSION**

In order to secure a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or in some other manner, that the opposing party is in default. Fed. R. Civ. Proc. 55(a); *see J&J Sports Prods. v. Bimber*, No. 07-CV-590S, 2008 U.S. Dist. LEXIS 39174, at *2, 2008 WL 2074083 (W.D.N.Y. May 14, 2008). Once a default has been entered, the Court will accept as true the allegations of the complaint that establish the defendant's liability and will carefully scrutinize those relating to the amount of damages. *Id.* at *3-4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered defendants' default and plaintiffs have demonstrated that the defendants are in default. However, the Court cannot merely accept that plaintiffs are entitled to the particular relief they seek, and the moving party's claim must be carefully examined. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Default judgments, in addition, are generally disfavored and if there is any doubt as to the propriety of default relief, "that doubt should be resolved in the favor of the defaulting party." *Id.* at 96. The court, therefore, must determine whether plaintiffs' claims have "a sufficient basis in the pleadings for the judgment entered" and the Court must evaluate plaintiffs' claims and relief sought based on the merits. *Id.*, *see also Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990).

The Court must also determine the amount of damages and ensure that there is a reasonable basis for them. *See Labarba v. ASTC Laboratories Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010). The Court cannot simply accept a statement of damages by the moving party at face value and must take necessary steps to establish damages with reasonable certainty. F.R.C.P. 55(a); *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d

151, 155 (2d Cir. 1999). In order to prove their damages with reasonable certainty, plaintiffs must provide evidence of damages to which they are entitled. *See Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 736 (S.D.N.Y. 2011); *Granite Music Corp.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

While I am convinced that plaintiffs have established their claims that the defendants failed to make the required contributions, plaintiffs have not provided sufficient evidence to show that they are entitled to the requested categories and amounts of damages. In their complaint, plaintiffs estimate a damages amount around $500,000.00, but admit they do not have sufficient information to make a more detailed determination without discovery. In their motion for default judgment, plaintiffs request $174,531.61, plus interest, but do not provide any basis for that amount. The Court cannot simply adopt plaintiffs' alleged damages figure. Further inquiry is needed.

## CONCLUSION

Plaintiffs' motion for default judgment (Dkt. #7) is granted, with judgment in an amount to be determined by the Court. Because plaintiffs' damages are not verifiable on the face of their submissions, plaintiffs are directed to file, within 20 days of entry of this Decision and Order, affidavits and other proof in admissible form to substantiate their entitlement to the particular categories of damages they seek, and provide an explanation of their damages calculations.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 11, 2019.

4